UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                      2:09-cr-64-FtM-99SPC

KRISTY M. PASTORE
_____

**OPINION AND ORDER**

This matter comes before the Court on a matter which was initiated by the Court and a similar parallel motion filed by defendant's court-appointed counsel.  On July 22, 2011, the Court entered an Order (Doc. #168) directing the government to respond to a Memorandum (Doc. #168-1) from the United States Probation Office suggesting that defendant is eligible for a reduction of her sentence pursuant to the Fair Sentencing Act of 2010.  On July 29, 2011, defendant through counsel, filed a Motion Under 18 U.S.C. § 3852(c)(2) to Modify A Sentence by a Person in Federal Custody (Doc. #170).   The government filed a Memorandum (Doc. #171) in response to the Court's Order (to which defendant filed a Memorandum in Response (Doc. #172)), and a Response (Doc. #176) in opposition to defendant's motion.   The government opposes any change in defendant's sentence.

**I.**

Defendant Kristy M. Pastore (defendant or Pastore) was named in a two count Indictment (Doc. #10) charging her with one count of conspiracy to possess with intent to distribute 5 or more grams of

crack cocaine and 500 or more grams of cocaine, and one count of possession with intent to distribute 500 grams or more of cocaine. Both counts carried a mandatory minimum five years imprisonment to a maximum of twenty years imprisonment. In due course, defendant waived indictment, consented to the filing of a one count Information which charged her with simple possession of 5 or more grams of cocaine base on or about August 8, 2009, in violation of 21 U.S.C. § 844(a), and pled guilty to the Information pursuant to a Plea Agreement (Doc. #75). At the time, the Section 844(a) offense carried a mandatory minimum sentence of five years to a maximum of twenty years imprisonment. The government agreed to dismiss both counts of the Indictment at the time of sentencing.

Prior to sentencing, the Court issued an Order (Doc. #103) directing counsel to be prepared to address the impact of the Fair Sentencing Act of 2010 on the case and the viability of the Plea Agreement. At the August 31, 2010 sentencing, the government took the position that the Fair Sentencing Act of 2010 was not applicable because the sentencing portion only applied to a person who committed an offense on or after August 3, 2010. The Court announced its "sense" of the law that the statute was not retroactively applicable to the circumstances in this case, but gave counsel the opportunity to seek a continuance in order to do more research. After conferring with defendant, defense counsel stated defendant wanted to proceed that day, which defendant

confirmed in open court. The Court then found that the Fair Sentencing Act of 2010 applied to offenses committed on and after August 3, 2010, but was not retroactive to cases committed prior to that date even though defendant was being sentenced after that date. Defendant was then sentenced to 87 months imprisonment, and the two-count Indictment was dismissed. (Doc. #105.)

## II.

As we now know, in the Eleventh Circuit, the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), applies to defendants who committed crack cocaine offenses before August 3, 2010, the date of its enactment, but who are sentenced thereafter. United States v. Rojas, No. 10-14662, ___ F.3d ___, 2011 WL 2623579 (11th Cir. July 6, 2011). Defendant Pastore is such a person, having committed her crack cocaine offense on or about August 8, 2009, and having been sentenced on August 30, 2010. The FSA reduced the statutory maximum penalty for a Section 844(a) offense to one year imprisonment. In light of Rojas, the Court clearly erred when it imposed a sentence in excess of one year of imprisonment.

The government argues, however, that the FSA should not apply to Pastore because the government made substantial concessions in the plea agreement (Doc. #171, pp. 2-3). In light of Rojas, this argument is not tenable. Rojas also involved a plea agreement where the government had made concessions. Additionally, the

parties may not by agreement change the statutory maximum determined by Congress.

### III.

### A.  18 U.S.C. § 3582(c)(2):

The Court's initial Order relied upon 18 U.S.C. § 3582(c)(2) as the basis for its authority to inquire as to defendant's sentence after it had been imposed.  Defendant's motion relies upon the same statute, and the government's most recent response does likewise.

Title 18, United States Code, Section 3582(c)(2) provides in pertinent part:

> (c)  The court may not modify a term of imprisonment once it has been imposed except that--
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). While the government correctly argues that the Section 3582(c)(2) reduction is a matter of discretion, the Court has no discretion to impose a sentence which exceeds the statutory maximum.  The government also argues, in essence, that defendant simply does not deserve this type of drastic reduction

given the factors the Court must consider under 18 U.S.C. § 3553. The Court agrees, but that also does not allow a court to impose a sentence in excess of the statutory maximum.

In this case, Pastore's sentencing range was lowered by virtue of an Act of Congress which lowered the statutory penalty, rather than by the Sentencing Commission pursuant to 28 U.S.C. 994(o). Therefore, it does not appear that Section 3582(c)(2) applies to this case.

**B.   28 U.S.C. § 2255:**

Defendant is entitled to relief, however, because her motion may be considered as a motion under Title 28, United States Code, Section 2255. Section 2255(f)(1) provides that such a motion must be filed within one year of the date the judgment of conviction becomes final. Defendant was sentenced on August 30, 2010, no direct appeal was filed, and the conviction became final 10 days later. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Therefore, the one year period to file a Section 2255 motion has not yet expired.

Substantively, the issue raised by defendant may properly be raised in a Section 2255 motion. Section 2255(a) provides that:

> [a]  prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

> to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Here, Pastore is in custody, under sentence of a federal court, and claims the right to be released because the sentence was imposed in violation of the federal FSA and the sentence was in excess of the maximum authorized by law.  The remedies authorized by Section 2255 include correcting the sentence.  28 U.S.C. § 2255(a).

The government argues that because the "plea agreement was drafted and agreed upon with the intention that the Defendant serve a minimum mandatory sentence of five (5) years imprisonment," the conviction and Plea Agreement should be rescinded based on mutual mistake and frustration of purpose.  (Doc. #171, pp. 3-4.)  The Court cannot agree.  It is clear that neither side controlled the sentence in this case.  The Plea Agreement provides that "[p]ursuant to Fed. R. Crim. P. 11 (c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court. . . .  <u>The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement</u>, and the defendant will not be allowed to withdraw from the plea of guilty."  (Doc. #75, p. 3)(emphasis added).  Additionally, it is clear that defendant has

not violated the Plea Agreement, which always allowed her to challenge a sentence as being in excess of the statutory maximum. (Doc. #75, p. 6, ¶5(b).)  Further, the Court had this very discussion at the sentencing hearing, but came to a result which is not inconsistent with Rojas.  The government was certainly on notice of the issue and the lack of case law as to the issue, but failed to seek relief from the Plea Agreement.  This situation is essentially the same as in Rojas, where the government received less than it thought it bargained for in a plea agreement. As has been noted,

> In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one.  That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect.

United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005). Finally, none of the cases cited by the government involve a situation similar to this case.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion Under 18 U.S.C. § 3852(c)(2) to Modify A Sentence by a Person in Federal Custody (Doc. #170), is deemed to be a motion to reduce sentence under 28 U.S.C. § 2255, and as such is **GRANTED.**

2. After considering all the factors in 18 U.S.C. § 3553, defendant's sentence is reduced to one year imprisonment, followed by supervised release of three years.  All the other terms and conditions of the Judgment in a Criminal Case (Doc. #105) shall remain the same.

3. The Clerk of the Court shall enter an amended judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of August, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
U.S. Marshal
DCCD

Jack Gather
Regional Inmate System Administrator
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331